# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRETTA HUNNICUTT,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>CITY OF ATLANTA, GEORGIA;   )<br>WILLIAM HATLEY, in his Individual   )<br>Capacity,   )<br>   )<br>   Defendants.   ) | CIVIL ACTION FILE<br>NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bretta Hunnicutt ("Plaintiff" or "Hunnicutt") respectfully submits the following Complaint:

## INTRODUCTION

At all times relevant to this dispute, Defendant William Hatley was a supervisor within the Parks and Recreation Department of the City of Atlanta. Hartley used his position and the authority of his position to engage in a pattern and practice of sexually harassing his female co-workers. Hatley subjected Plaintiff to unwanted sexual advances, comments, and touchings. Plaintiff rejected these advances. Plaintiff not only rejected the advances, she opposed Hatley's comments

1

and conduct by reporting him to supervisors and to Human Resources personnel. Plaintiff brings claims of sexual harassment (hostile work environment) against both the City and Defendant Hatley under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and under Title VII against the City of Atlanta. Plaintiff also asserts a Title VII retaliation claim. She also asserts state law claims based on similar misconduct. Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1. Plaintiff's claims under the Fourteenth Amendment, which are actionable under 42 U.S.C. § 1983, and Title VII present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendants reside in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

3. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). The Right to Sue was issued on October 23, 2019 and received by Plaintiff's counsel on November 4,

2019.

## THE PARTIES

4. Plaintiff is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. Plaintiff is a former employee of the City of Atlanta.

5. Defendant Hatley is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. He may be served with process via personal service at his place of business at 55 Trinity Avenue, Suite 1350, Atlanta, Georgia 30303.

6. The City is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e *et seq*.

7. The City of Atlanta ("The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Atlanta may be served with process by serving Mayor at the Office of the Mayor, Executive Offices, 55 Trinity Avenue, Atlanta, Georgia 30303.

## FACTUAL ALLEGATIONS

8. Plaintiff started her employment at the City of Atlanta Parks and Recreation Department in March 2014.

9. Defendant William Hatley was also employed at the City of Atlanta

Parks and Recreation Department.

10. On September 24, 2018, Plaintiff Hunnicutt and other members of the Parks and Recreation Department, including Defendant Hatley, attended an out of town conference in Indianapolis, Indiana.

11. On the evening of September 25, 2018, Plaintiff Hunnicutt and others, including Defendant Hatley, went to a cigar bar to socialize.

12. As Plaintiff and her colleagues were discussing work, Defendant Hatley approached Plaintiff and began rubbing his hands over her shoulders, down her sides and under her buttocks. Defendant Hatley did this several times before Plaintiff was able to push him away.

13. After Plaintiff pushed Defendant Hatley away, Defendant Hatley whispered into Plaintiff's ear "I will throw your legs in the air and eat your vagina and I am telling you girl you will like it." Hatley repeatedly asked for Plaintiff's room number.

14. Stunned and disgusted by these revelations and touchings, Plaintiff left the group and went to the restroom to gain her composure. When Plaintiff returned to the group, Defendant Hatley was gone.

15. Plaintiff told Quentin Moore that Defendant Hatley made her

uncomfortable and she was leaving.

16. Later that night, Mr. Moore called Plaintiff and asked if she needed to talk. Plaintiff met Mr. Moore and told him the details of what happened with Defendant Hatley. Mr. Moore asked Plaintiff if she wanted to report Defendant Hatley and she answered affirmatively.

17. The following morning Mr. Moore called Plaintiff and asked if she still wanted to report the incident with Defendant Hatley and Plaintiff answered yes again. Mr. Moore reported to Human Resources. Shortly after the report to Human Resources, Defendant Hatley called Plaintiff's cell phone and she did not answer.

18. After Plaintiff's call with Mr. Moore, she went downstairs to meet the others in her group to attend a 5K run with the group. Defendant Hatley was in the lobby so Plaintiff made her coffee and walked outside to wait for the group. As they were heading to the event, Defendant Hatley walked behind her making her very uncomfortable.

19. Another member of the group, Ms. Haney, asked Plaintiff if she wanted to stay instead of attending the 5K, Plaintiff decided she would stay at the hotel but as she walked back towards the hotel Defendant Hatley followed her. Plaintiff decided she would stay with the group because she was afraid of Defendant Hatley.

20. Defendant Hatley stayed behind Plaintiff through the entire 5K walk making her extremely uncomfortable. Mr. Moore told Plaintiff to relax and that Defendant Hatley was returning to Atlanta the following morning.

21. Plaintiff filed a report with the Indianapolis Police Department for the incident involving Defendant Hatley.

22. Defendant Hatley was placed on administrative leave pending an investigation into the allegations.

23. On October 4, 2018, when Plaintiff returned to Atlanta, she was placed on administrative leave pending an investigation into her complaint against Defendant Hatley.

24. Plaintiff and Defendant Hatley were returned to their jobs as supervisors within the Parks and Recreation Department and are required to attend weekly supervisor meetings together.

25. Upon information and belief, Plaintiff was neither the first employee to be sexually abused by Hatley nor the first to report such abuse to the City.

## Governmental and Decision Maker Liability

26. The highest City official(s) with responsibility to protect Plaintiff against sexual harassment had actual or constructive knowledge of Hatley's illegal

actions giving rise to this Complaint.

27. Despite such actual or constructive knowledge, these officials failed to take reasonable, prompt, remedial action as required by the City anti-harassment policies and federal law to protect Plaintiff's right to be free from Hatley's sexual harassment.

28. Hatley, along with the City officials who know of Hatley's illegal harassment and failures to stop it, acted under color of state law when committing their acts or omissions giving rise to this Complaint as all of their conduct was perpetrated using the power and authority of their positions as City officials.

29. At all times material to this Complaint, it was clearly established law that subjecting an employee to sexual harassment or a sexually hostile working environment based upon gender violates the Equal Protection Clause. At all times material to this Complaint, it was clearly established law that an employer may not take an adverse employment action against an employee because she rejects or complains about a co-worker's sexual advances.

## PUNITIVE DAMAGES ALLEGATIONS

30. Defendant Hatley undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to the Plaintiff and her federally

protected rights.

31.     Additionally, and in the alternative, Defendant Hatley undertook all of the above-pled conduct with reckless disregard for the Plaintiff and her federally protected rights.

## COUNT I
### Sexual Harassment/Gender Discrimination
### (42 U.S.C. § 1983 Against Defendant City of Atlanta and Defendant Hatley in his Individual Capacity)

32.     Plaintiff incorporates each of the above factual allegations as if fully restated here.

33.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws regardless of her gender.

34.     Defendant Hatley violated Plaintiff's rights to equal protection by, among other things, subjecting her to a sexually harassing and hostile working environment. Defendant Hatley violated her rights to equal protection by taking adverse employment actions against the Plaintiff for her refusal to acquiesce to sexual advances, for reporting such harassment, and because of her gender.  Hatley did not take similar actions against men in the department.

35.     Defendant City violated Plaintiff's rights to equal protection by failing

to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

36. The conduct of Defendants constitutes unlawful sexual harassment, based upon gender, in violation of the Equal Protection Clause. Additionally, and in the alternative, Defendants' unlawful conduct constitutes sexual harassment culminating in an ultimate employment action against the Plaintiff.

37. Defendants undertook all of the unlawful conduct giving rise to the Plaintiff's claims while acting under color of State and local law.

38. Defendants' unlawful conduct violated the above-pled clearly established law.

39. As a direct and proximate result of all of the Defendants' actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

40. Defendants undertook their unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against them.

41. Alternatively, Defendants undertook their unlawful conduct recklessly with respect to the Plaintiff and their federally protected rights, entitling Plaintiff to

recover punitive damages against them.

## COUNT II
## Title VII Sexual Harassment
## (Against City of Atlanta)

42. Plaintiff incorporates each of the above factual allegations as fully restated here.

43. Title VII entitles Plaintiff to equal treatment under the laws regardless of her gender.

44. Defendant City violated the Plaintiff's rights to equal treatment by, among other things, subjecting her to a sexually harassing and hostile work environment. Defendant City violated her Title VII rights by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

45. Defendant City's conduct constitutes unlawful sexual harassment, based upon gender, in violation of Title VII. Additionally, and in the alternative. Defendant City's unlawful conduct constitutes sexual harassment.

## COUNT III
## Title VII Retaliation
## (Against City of Atlanta)

46. Plaintiff incorporates each of the above factual allegations as if fully restated here.

47. Title VII prohibits employers from retaliating against employees who report or oppose sexual harassment.

48. Defendant City unlawfully retaliated against Plaintiff in violation of her rights under Tile VII by, among other things, taking adverse employment actions against her because she opposed and/or reported Defendant Hatley's sexual harassing behavior.

49. Defendant City's conduct constitutes unlawful retaliation in violation of Title VII.

50. As a direct and proximate result of the City's action, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation and other indignities.

## COUNT IV
### Assault
**(Agaisnt Defendant Hatley in his Individual/Personal Capacity)**

51. Plaintiff re-alleges the preceding paragraphs as set forth fully herein.

52. The actions of Defendant Hatley described above constitute assault as he threatened to and did in fact make unjustified, harmful, and offensive contact with

Plaintiff.

53. As a direct and proximate result of the assault committed by Defendant Hatley, Plaintiff suffered, and will future suffer from these and other damages.

54. Defendant Hatley acted with malice when he assaulted Plaintiff.

### COUNT V
### Battery
### (Against Defendant Hatley in his Individual/Personal Capacity)

55. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

56. The actions of Defendant Hatley described above constitute battery as he made unjustified, harmful, and offensive contact with Plaintiff. For example, Defendant Hatley rubbed Plaintiff's shoulders, arms and sides and rubbed his hands underneath her buttocks.

57. As a direct and proximate result of the battery committed by Defendant Hatley, Plaintiff suffered, and will in the future suffer from these and other damages.

58. Defendant Hatley acted with malice when he battered Plaintiff.

### COUNT VI
### Negligent Hiring, Retention, and Supervision
### (Against Defendant City of Atlanta)

59. Plaintiff incorporates all preceding paragraphs of the Complaint.

60. The City owed a duty of care to Plaintiff to exercise reasonable caution

and diligence when hiring Defendant Hatley so as to avoid hiring a man who could be reasonably foreseen to sexually harass, assault or otherwise endanger female employees as Defendant Hatley did in this case.

61. Defendant City breached this duty of care by, inter alia, failing to perform reasonable pre-employment investigation and inquiry concerning Defendant Hatley, and by otherwise failing to exercise reasonable caution and diligence when hiring him.

62. As a direct and proximate result of Defendant City's breach of this duty of care, Plaintiff has suffered damages, including emotional damages.

63. After hiring Defendant Hatley, Defendant City owed a continuing duty of care to Plaintiff to exercise reasonable caution and diligence in retaining, supervising, and training Defendant Hatley to avoid reasonably foreseeable conduct amounting to sexual harassment, assault, battery or otherwise endangering female employees as Defendant Hatley did in this case.

64. Defendant City breached this duty of care by, inter alia, failing to intercede despite actual and/or constructive knowledge making it reasonably foreseeable that Defendant Hatley would sexually harass, assault, or otherwise endanger female employees like Plaintiff as happened in this case.

65. As a direct and proximate result of Defendant City's breach of their duty of care, Plaintiff has suffered damages, including emotional damages.

## COUNT VII
## Punitive Damages O.C.G.A. § 51-12-5.1
### (Against Defendant Hatley in his Individual/Personal Capacities)

66. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

67. Defendants' above-pled actions were willful, malicious, wanton and/or oppressive within the meaning of O.C.G.A. § 51-12-5.1(b). Additionally, and in the alternative, Defendants' actions display within that meaning of that statute, an entire want of care indicative of a conscious indifference to their actions' consequences.

## COUNT VIII
## Attorneys' Fees and Expenses of Litigation O.C.G.A. § 13-6-11
### (Against All Defendants)

68. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

69. Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses in this litigation, including attorney's fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

a.  declaratory judgment that Defendants violated the Plaintiff's rights under the Equal Protection Clause and Title VII;

b.  an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

c.  compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

d.  punitive damages, against Defendant Hatley in his individual capacity, in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant Hatley for his conduct toward Plaintiff and deter him from similar conduct in the future;

e.  reasonable attorneys' fees and costs; and

f.  other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

                          LEGARE, ATTWOOD & WOLFE, LLC

                          *s/Eleanor Mixon Attwood*
                          Eleanor Mixon Attwood
                          Georgia Bar No. 514014
                          emattwood@law-llc.com

Telephone: 470.823.4000
Facsimile: 470.201.1212

Counsel for Plaintiff